**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv74**

| | | |
|---|---|---|
| **HOSPIRA, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **ALPHA AND OMEGA** | ) | |
| **TRANSPORTATION SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the following motions:

I.   The defendant's Motion to Compel (#24), pursuant to Federal Rule of Civil Procedure 37(a) requesting an order compelling the plaintiff to produce a representative to testify as to evidence the plaintiff intends to introduce at trial relating to the issue of damages;

II.  Defendant's Motion for Partial Summary Judgment (#25) precluding any recovery for damages above cost of manufacture of items allegedly damaged.

<u>Findings and Conclusions</u>

**I.   Background**

In this case, the plaintiff alleges that on March 30, 2004 plaintiff was attempting to transport a cargo of various medical supplies, including controlled and non-controlled pharmaceuticals along highway I-77 in Carroll County, Virginia

(complaint ¶ 6)   The plaintiff further alleges that a truck, owned and operated by the defendant negligently struck the plaintiff's vehicle while the defendant's vehicle was attempting to gain access to I-77 by an on-ramp causing a total loss of the cargo that the plaintiff was transporting.  (complaint ¶ 8-9)

The plaintiff contends that it is entitled to damages in the form of lost profits or sales.   During discovery, the defendant served a deposition notice upon the plaintiff pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking discovery and a representative to testify at a deposition as to the following subject areas:

> 3.      For all goods purportedly damaged in the subject accident, the following information and any supporting documentation:
>
> (j) the total quantity of the subject goods manufactured (by the entity identified in the manufacturer in response to subpart (b) above) in 2003-2005 (separated by year);
>
> (k) the total quantity of goods of the type involved in this accident which were sold by Hospira or its predecessor in interest to any person or entity in 2003-2005 (separated by year);
>
> (g) the total quantity of goods of the type involved in this accident which were destroyed or disposed of by Hospira or its predecessor in interest in 2003-2005 (separated by year) and the reasons such goods were destroyed or disposed of including, but not limited to reasons such as excess inventory.  (defendant's brief, p. 1-2)

The defendant objected to producing such a representative with the following objection: "Hospira objects to this topic because it seeks discovery concerning information neither relevant nor reasonably calculated to lead to admissible evidence." (defendant's brief p. 2)

The defendant also requested that the plaintiff produce a representative to testify  in regard to the following subject area:

(4)  Any and all information or documentation with respect to whom the goods allegedly involved in the subject shipment had been sold or otherwise had been promised to be sold at the time of the subject accident.

The plaintiff responded to this request with an objection as follows:

"Hospira objects to this topic because it is vague and ambiguous and because it seeks information neither relevant nor reasonably calculated to lead to admissible evidence concerning customers of Hospira."

Lastly, the defendant requested that the plaintiff produce a representative to

testify with regard to the following subject area:

(27) The total amount of Plaintiff's claim and any documentation supporting such claim.

The plaintiff objected to this request with the following objection:

"Hospira objects to this topic because it is vague and ambiguous and seeks testimony concerning documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and requires a review that would be unduly burdensome. Moreover, Hospira has not made a "claim" but has filed an action seeking damages." (defendant's brief, p.3)

In the plaintiff's response, the plaintiff states that the defendant is seeking

records over a three year period which the plaintiff contends is unreasonable.  The

plaintiff further, in its responsive brief states:

"Keeping in mind that Hospira is a company with $2.6 billion in annual sales, 14 manufacturing facilities world-wide, five distribution centers, plus warehouse facilities, the burden of tracking down each instance over a three-year period when products had to be discarded is wholly unjustifiable for this single-truckload case."  (plaintiff's brief p. 3)

In the defendant's Motion For Partial Summary Judgment, the defendant seeks

partial summary judgment precluding the plaintiff from any recovery of damages over

and above the cost of manufacture of the item damaged.  In response to the Motion

for Partial Summary Judgment, the plaintiff filed the affidavit of Brian Russeau. (#35-2) Mr. Russeau is a person who is a potential witness who had not been disclosed to the defendant in the Rule 26 disclosures. In his affidavit, Mr. Russeau states, "I have knowledge of customer demand, the required inventory levels to meet demand, and the lost sales that result from unexpected losses of product during manufacturing and distribution." (Russeau affidavit ¶ 3). Mr. Russeau further avers that, "Hospira can calculate its lost profits damages to a reasonable certainty by multiplying the quantity of lost products that would have been sold (or sold without additional cost) but for the unexpected loss of products times the average sales price of the product. Thus, Hospira's lost profits are neither hypothetical or speculative."

During the hearing of the motions, it became apparent that the defendant was under the impression that plaintiff was seeking lost profits on 31 different products that were destroyed as a result of the underlying accident. At the hearing, plaintiff informed the court that it was only seeking lost profits as to 18 of the product lines and manufacturing costs as to the remaining 13 product lines. Plaintiff's counsel stated that Mr. Rousseau can testify, "to the penny" concerning the calculation of lost profits on the 18 items and the manufacturing costs to the 13 items.

During the hearing, the court discussed with the attorneys for the parties the contentions of the defendant and of the plaintiff regarding the scope of document production. The defendant argued that it should be entitled to discovery of sales of items for a period of two years before the accident and two years after the accident. The plaintiff contended that a period of discovery of sales for three months before the

accident and three months after would be appropriate.  The plaintiff further objected

to the requirement that records be produced for all sales of the plaintiff.  The plaintiff

argued that there should be a geographical restriction in that the shipment of goods

was in transit to the plaintiff's distribution center in Chicago, Illinois at the time of

the accident and that the production of sales records world-wide would be

burdensome and  beyond the scope of production under Rule 26.

## II.  Motion to Compel

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides as follows:

A party may in the party's notice and in a subpoena name as the
deponent a public or private corporation or a partnership or association
or governmental agency and describe with reasonable particularity the
matters on which examination is requested.  In that event, the
organization so named shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf,
and may set forth, for each person designated, the matters on which the
person will testify.  A subpoena shall advise a non-party organization
of its duty to make such a designation.  The person so designated shall
testify as to matters known or reasonably available to the organization.
This subdivision (b)(6) does not preclude taking a deposition by any
other procedure authorized in these rules.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may apply
for an order compelling disclosure or discovery.  Rule 37(a)(2)(A) states as follows:

"If a party fails to make a disclosure required by Rule 26(a), any other
party may move to compel disclosure and for appropriate sanctions."

Rule 37(a)(2)(B) provides as follows:

"If a deponent....or other entity fails to make a designation under Rule
30(b)(6)...the discovering party may move for an order compelling....a
designation..."

Rule 37(a)(3) further provides:

"For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

A. Production of a Representative

The plaintiff objected to producing a representative to testify in regard to the total amount of the plaintiff's claim and any documentation supporting such claim based upon the contention that the testimony was neither relevant nor reasonably calculated to lead to discovery of admissible evidence. The court disagrees with the plaintiff's position. The total amount of the plaintiff's "claim" and any document supporting such "claim" is the same as a request for information concerning the total amount of the plaintiff's "damages" and any documentation supporting such "damages". The information being sought by the defendant is the same evidence that the plaintiff will have to present at trial and is thus relevant and discoverable. The objections of the plaintiff to producing a representative and the documents requested in Requests 3(j)(k)(g)(4) and (27) are overruled. The objections will be considered as a failure to disclose, answer or respond. The defendant's Motion to Compel will be allowed and the plaintiff will be directed to produce a representative to testify and to produce the documents requested, as modified later herein. It appears that Mr. Rousseau is such a representative and a person who can testify as to the amount of the damages. Discovery will therefore be reopened for the purpose of allowing the defendant to take the deposition of Mr. Rousseau. Out of an abundance of caution, the court will also order the plaintiff to produce for the taking of their deposition any witness that the plaintiff intends to call at the trial of this matter who

will testify as to the issue of the amount of lost profits or sales the plaintiff contends that it lost as a result of the accident described in the plaintiff's complaint.

B.    Time

As to the scope of document production while the defendant argued for discovery of sales for two years before and two years after the accident, the court takes notice that Hospira appears to be in the business of selling medical goods for which there is a constant demand. Unlike car sales or the sale of durable household goods, there is no logical reason why medical supply sales would be "cyclical," subject to Christmas rushes, or year end clearances that would justify discovery aimed at cyclical events. A hospital's need for morphine, IV solution, insulin, and the like is more likely than not constant if not steadily climbing. While two years on each side of the accident is overly broad, three months is overly narrow. Instead, the court finds that six months on each side of the accident would provide the finder of fact with a good snapshot of plaintiff's sales on the 18 items upon which the plaintiff continues to seek lost profits. Therefore, the records to be provided by the plaintiff to be subject to the above referenced deposition, shall be within the time frame of six months before the accident and six months after the accident. The requests of the defendant as set forth in Request 3(j)(k)(g) shall be modified and the plaintiff shall be required to produce the documents requested, but only for the period of six months previous to the date of the accident and six months after the date of the accident on the 18 items upon which the plaintiff continues to seek lost profits.

C.    Geographical restriction

As to the geographic location of such sales, counsel for plaintiff stated that the shipment of goods which were damaged was in transit to plaintiff's distribution center in Chicago at the time of the accident. While defendant seeks sales records for each of the 18 remaining items worldwide, the court finds that such discovery would be unduly burdensome and overly broad in light of the nature of this case. Instead, the court will require that the six month records of sales on each side of the accident correlate to <u>either</u> the distribution region for the Chicago distribution center <u>or</u> the sales region that includes the location of the accident, that being the state of Virginia, under whatever name the plaintiff has assigned, be it Southeast, Mid-Atlantic, Mid-West, etc. While defendant has a point about international sales, which could conceivably show a smaller profit or no profit if plaintiff is engaged in philanthropic activities, the court believes that such discovery is beyond the scope of Rule 26 and appears to be overly burdensome at this point. The burden of proving actual damages is on the plaintiff, <u>Olivetti Corp. v. Ames Business Systems, Inc.</u>, 319 N.C. 534, 547-48 (1987), and a plaintiff must demonstrate that its measure of damages is "reasonably certain," <u>id.</u>, at 546, and while such standard requires more than mere speculation, it does not require proof to an absolute certainty. <u>Southern Bldg. Maintenance, Inc., v. Osborne</u>, 127 N.C.App. 327, 332 (1997). The requests of the defendant for documents as set forth in Request 3(j)(k)(g) are further modified to be documents within the geographical restriction or sales area set forth above.

D.    <u>Request (4)</u>

The objection of the information sought by Request (4) is a request for

information which this court finds to be relevant and calculated to lead to admissible evidence and the objection is overruled.

E.   Fees and Costs

Federal Rule of Civil Procedure 37(a)(4)(A) provides as follows:

> If the motion is granted...the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was reasonably justified, or that such circumstances make an award of expenses unjust.

The court will consider the imposition of cost and attorney fees at the conclusion of trial at which time the court will be better informed as to this case. At that time, the court will hear from the defendant as to the amount of time and expense incurred by the defendant in regard to the Motion to Compel and the defendant's counsel should be prepared to present an affidavit as to the amount of time and a reasonable fee. The plaintiff will be allowed to be heard as to whether or not their objections were substantially justified or such other circumstances that would make an award of expenses unjust.

The defendant has asked the court to require plaintiff to pay defendant's costs in regard to the taking of the deposition of Mr. Rousseau. At this time, the court declines to do so but will hear arguments concerning that matter at the conclusion of trial. The plaintiff may wish to have Mr. Rousseau or any other witness that the plaintiff intends to call as a witness as to the issue of damages travel to the

defendant's counsel's office for the taking of their deposition in order to reduce the assessment of travel cost and expenses of the defendant's attorney.

## III.  Defendant's Motion for Partial Summary Judgment

### A.     Standard for Summary Judgment

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial.  Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*."  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts.  Anderson, supra.  "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment."  Id. at 248.  A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving

party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

B.    Discussion

In this case, the plaintiff has responded to the defendant's Motion for Partial Summary Judgment by way of affidavit that indicates to the court that the plaintiff has some evidence upon which it may be able to prove it's alleged loss of profits as for the 18 items for which lost profits are being sought. The plaintiff has presented the affidavit of Brian Rousseau (#35-2) which shows that an issue of fact exists as to the issue of lost profits as to at least those 18 items for which the lost profits are being sought.

The defendant has argued that it is too late for additional discovery and that

Mr. Rousseau's affidavit should not be considered. Rule 56(e) of the Federal Rules of Civil Procedure counsels a more pragmatic approach:

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The defendant has argued that Mr. Rousseau's affidavit is a surprise and that the court should exclude it and grant the defendant the judgment it seeks. The defendant bases such argument on a theory that Mr. Rousseau is a person with knowledge who was not disclosed in the Rule 26(a)(1) initial disclosures. Unlike expert disclosures, Rule 26(e) provides the initial disclosures may be supplemented:

> The party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court...

Fed.R.Civ.P.26(e)

While the defendant's contention would provide an expeditious route to resolving the problem, the federal rules as well as the decisions of the Court of Appeals for the Fourth Circuit counsel resolution of disputes based on their merits and not on technical errors. To that end, this court will require plaintiff to amend its Rule 26(a)(1) disclosure to add Mr. Rousseau or any other witness that the plaintiff intends to call as a witness as to the issue of damages in this case and then reopen discovery of the limited purpose of plaintiff producing supporting documents and for

the deposing of Mr. Rousseau by the defendant.

Event with Mr. Rousseau's affidavit, the defendant is entitled to summary judgment on the plaintiff's claim of lost profits on the 13 items for which plaintiff is only seeking manufacturing cost. Equally, as to the remaining 18 items for which lost profits are being sought, it would appear that summary judgment is not now appropriate.

## IV.    Rescheduling of Mediation

For effective mediation, the court believes that Mr. Rousseau's deposition and any other witnesses as to damages should be deposed before mediation is attempted. Further, the court believes that document production in accordance with this order should occur at least one week in advance of Mr. Rousseau's deposition. In no case, should documents be produced later than January 22, 2007.

The court notes that mediation deadline has been missed in this case probably due to disagreements regarding discovery. Missed deadlines, such as mediation, typically result in the imposition of sanctions. The court will, however, make an exception inasmuch as it appears that the parties are serious about mediation based on their choice of Larry Kimmel as a mediator in this matter. Mediation shall be completed on or before February 20, 2007.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1.      The defendant's Motion to Compel (#24) is here **GRANTED** in part and **DENIED** in part as provided above;

2.     That the defendant's Motion for Partial Summary Judgment (#25) is is hereby **GRANTED** in part and **DENIED** in part as provided above.

3.     The Pretrial Order in this matter is modified to allow mediation to be completed on or before February 20, 2007.

4.      The Clerk of Court shall note that at the hearing the parties provided consent under 28 U.S.C. § 636(c) to the jurisdiction of the undersigned and that they will be providing written 636(c) consents within seven days.

5.     It is further **ORDERED**  that the Clerk place this matter on the undersigned's April 23, 2007, trial calendar.

Signed: January 5, 2007

Dennis L. Howell
United States Magistrate Judge