# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv074

| | |
|---|---|
| **HOSPIRA, INC.,** | ) |
| Plaintiff | ) |
| | ) **ORDER** |
| v | ) |
| | ) |
| **ALPHA AND OMEGA** | ) |
| **TRANSPORTATION SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon the following motions:

1) Motion of the plaintiff entitled "Motion in Limine to Admit Nolo Contendere Plea" (#47);

2) A motion filed by the defendant entitled "Defendant's Motion in Limine" (#49);

3) A motion filed by plaintiff entitled "Motion in Limine to Exclude Conduct and Statements During Compromise Negotiations" (#51);

4) A motion filed by plaintiff entitled "Motion for Leave to Amend Complaint" (#56).

Having considered such motions, the court enters the following evidentiary rulings:

A.  Plaintiff's Motion in Limine to Admit Nolo Contendere Plea.

The plaintiff contends that the driver of the defendant's tractor and trailer entered a plea of no contest in regard to a citation issued to him arising out of the accident described in the plaintiff's complaint. The plaintiff contends that the driver was charged, by the Virginia State Police, for failure to yield and that he pled nolo contendere. The plaintiff has presented a Virginia statute that being Va. Code Ann. § 8.01-418 which directs a court to admit evidence of a plea of guilty or nolo contendere which was made in a prosecution for a criminal offense or traffic infraction which arose out of the same occurrence upon which the civil action is based. The Virginia statute admits evidence which is inadmissable under

Rule 410 of the Federal Rules of Evidence. Rule 410 of the Federal Rules of Evidence provides as follows:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceedings, admissible against the defendant who made the plea or was a participant in plea discussions:
>
> (2) A plea of nolo contendere

In a diversity action, a federal court must apply the law of the forum state, including its choice of law rules. In tort actions, North Carolina courts adhered to the rule of Lex Loci and apply the substantive laws of the state in which the injuries were sustained and adhered to the procedural rules of the forum state. Eagle Nation, Inc. v Market Force, Inc., 180 F.Supp. 2d 752 (E.D.N.C., 2001) The Fourth Circuit Court of Appeals has held that the Federal Rules of Evidence, as validly enacted procedural rules, govern in diversity cases. Scott v Sears, Roebuck and Company., 789 F. 2d 1052, 1054 (4th Cir. 1986)

The Plaintiff has directed the court to Szantay v Beech Air Craft Corporation, 349 F. 2d 60 (4th Cir. 1965) In that case, the Fourth Circuit Court of Appeals set forth three tests for determining how to resolve a federal/state conflict in diversity cases:

1. If the state provision, whether legislatively adopted or judicially declared, is the substantive right or obligation at issue, it is constitutionally controlling.

2. If the state provision is a procedure intimately bound up with the state right or obligation, it is likewise constitutionally controlling.

3. If the state procedural provision is not intimately bound up with the right being enforced but its application would substantially affect the outcome of the litigation, the federal diversity court must still apply it unless there are affirmative countervailing federal considerations. This is not deemed a constitutional requirement but one dictated by comity.

After reading all of the briefs of the parties and the cases cited therein, the undersigned is of the opinion that tests 1 and 2 do not apply and considering test 3, the court is of the opinion that the application of the rule could affect the outcome of the litigation.

There does, however, appear to be affirmative countervailing federal considerations. Rule 410 of the Federal Rules of Evidence cannot be reconciled with the Virginia statute. As a general rule, the Federal Rules of Evidence as validly enacted procedural rules, which govern in diversity cases. Hottle v Beech Aircraft Corp., 47 F.3d 106, 109 (4th Cir. 1995) The court will hear oral arguments from counsel for the parties on April 23, 2007 at the time of trial and after considering those arguments will rule on these motions.

- B. <u>Defendant's Motions in Limine</u>
- 2. Evidence of Citation.

The defendant has moved to exclude evidence of a citation issued to the defendant's driver. The plaintiff, in its response, has stated that if the court declares that the plea of no contest is inadmissible, that the plaintiff does not intend to offer evidence of the citation. Therefore, the court will rule on the motion after hearing arguments as set forth above.

- 3. Evidence that Plaintiff's Driver was not issued a Citation and had a safe driving record.

    The defendant has moved to exclude evidence that the plaintiff's driver was not issued a citation and had a safe driving record. The plaintiff has advised that it does not intend to offer the safe driving record of the driver or the fact that the driver was not issued a citation.

- 4. The Existence of Liability Insurance.

    The defendant has moved to exclude evidence of liability insurance. The plaintiff contends that the defendant is going to attempt to introduce evidence in the form of a letter that shows that liability insurance coverage was in effect. The motion in limine of the defendant to exclude evidence of insurance will be **ALLOWED**. Federal Rule of Evidence 411.

5. Any Prior Accidents or Citations Issued to Defendant's Driver.

The plaintiff has requested that the court exclude evidence of prior accidents or citations issued to the defendant's driver. The plaintiff has advised that it does not intend to offer evidence of such accidents and citations. The defendant's motion will be **ALLOWED**.

6. Any Reference to Defendant's Attorney's Geographic Location or Legal Specialty.

The plaintiff has moved to exclude the above referenced evidence. The plaintiff has advised that it does not intend to offer evidence of such a nature. The defendant's motion is **ALLOWED**.

C. <u>Plaintiff's Motion in Limine to Exclude Conduct and Statements During Compromise Negotiations</u>

The plaintiff has filed a Motion In Limine, pursuant to Rule 408 of the Federal Rules of Civil Procedure, to exclude evidence or presentation at trial, documents, oral statements made by employees of the plaintiff concerning efforts to settle the dispute between the plaintiff and the defendant. The defendant has responded and advised that it wishes to introduce into evidence a letter which is attached to the defendant's brief as Exhibit "A" which was written to "Owner/Operator Insurance Service". The letter references a claim number and a file number and was written to Sherry Johnson of Owner/Operators Insurance Service and sets forth a total amount of the plaintiff's damaged product along with a value of the product. The undersigned has examined the letter and further examined Rule 408 of the Federal Rules of Evidence which precludes introduction into evidence at trial of settlement negotiations. The court will grant the Motion In Limine of the plaintiff and hereby issues an order excluding from admission into evidence or presentation at trial

4

documents or oral statements made by employees or representatives of the plaintiff to any representative of the defendant or the defendant's insurance carrier concerning any demand made by the plaintiff to settle this matter and particularly, the letter attached to the defendant's brief as Exhibit "A".

D. <u>Motion for Leave to Amend Complaint</u>

The plaintiff has filed a motion for leave to amend its complaint, this motion having been filed on April 13, 2007 (#56). Plaintiff seeks to replace an allegation which is contained in paragraph 11 of the plaintiff's complaint concerning the amount of damages suffered by the plaintiff. The plaintiff, in the motion, did not reflect consultation with the defendant's attorney as required by Local Rule 7.1(A). In the motion, however, the plaintiff states: "Hospira has agreed to stipulate, upon request of the Defendant Alpha and Omega Transportation Services, Inc. to such amount as the damages for lost products that Hospira seeks at trial, and disclosed the basis for computing such damages." The defendant has not responded to the Motion for Leave to Amend Complaint. As a result, the undersigned will hear arguments on Monday, April 23, 2007 concerning whether or not the defendant consents to such motion and further, whether or not the motion will be allowed.

Signed: April 20, 2007

_____
Dennis L. Howell
United States Magistrate Judge