# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:06cv74

| | |
|---|---|
| HOSPIRA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ALPHA AND OMEGA ) | |
| TRANSPORTATION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion for New Trial and

for Leave to Conduct Deposition of Andy Ray (#91) and defendant's Motion for

Sanctions (#93), in which defendant contends plaintiff's motion is frivolous. For the

reasons discussed below, both motions will be denied with prejudice.

### FINDINGS AND CONCLUSIONS

I.     **Plaintiff's Motion for New Trial and for Leave to Conduct Deposition of Andy Ray (#91)**

Plaintiff's motion for a new trial is based on testimony received at trial from

defendant's president, Andy Ray, concerning whether defendant's driver had written

permission from him on the night of the accident to have a family member ride along

in defendant's truck. It appears to be plaintiff's contention that defendant's refusal

to both provide not only the written permission slip; but also, an affidavit based on

plaintiff's post- trial request is somehow evidence that Mr. Ray perjured himself

before the jury. Under plaintiff's theory for a new trial, such possibility of perjury

prevented plaintiff from receiving a fair trial inasmuch as the jury could have unduly credited the testimony of defendant's driver concerning his version of the events surrounding the accident, which included whether or not he had permission to have a family member ride along in the cab of his truck.

Plaintiff brings its motion under Rule 59(a), Federal Rules of Civil Procedure, contending that a recognized basis for a new trial is where a jury verdict is "based in part on 'evidence which is false.'" Docket Entry 92, at 2. The standard for granting a new trial based on false testimony is as follows:

> A new trial should be granted where the Court is reasonably well satisfied that the testimony given by a material witness is false; that without it, a jury might have reached a different conclusion; that the party seeking a new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial.

Gibson v. Total Car Franchising Corp., 223 F.R.D. 265, 279 (M.D.N.C. 2004)(citation omitted). In Gibson, the district court went on to hold that "the threshold question is whether or not Mr. Gibson proffered false testimony," id. finding that "the affidavit does not show that Gibson's testimony was false." Id., at 280.

In this case, no evidence has been presented that Mr. Ray gave false testimony. Instead, plaintiff has based its motion on a series of emails between counsel. While this court at trial directed Mr. Ray to retain the document he referenced at trial, plaintiff demanded after the verdict that Mr. Ray not only produce the document, but that he furnish an affidavit as to its authenticity and date of creation. Mr. Ray and his counsel, apparently exhausted by the increasing demands of plaintiff (which have

now included a demand that this court order a post-trial deposition of Mr. Ray), refused.

First, the court cannot find that whether defendant's driver had written permission to have a family member ride along is relevant to the issues presented to the jury, which were:

1. Was the defendant ALPHA AND OMEGA TRANSPORTATION SERVICES, INC. negligent in its operation of its tractor-trailer on March 30, 2004?

2. Was the plaintiff HOSPIRA, INC., contributorily negligent in its operation of its tractor-trailer on March 30, 2004?

Clearly, the jury had before it the complete testimony of both drivers as to their recollections of the accident and in fact found defendant's driver to be negligent. The jury went on to find that plaintiff's driver was also contributorily negligent in the operation of his truck. A driver's recollection or misrecollection as to whether he has a permission slip in writing to have a family member ride along on file back at company headquarters in another state is simply not material to an accident involving two tractor trailers and a determination of who was at fault.

Second, the court finds that defendant's refusal to provide a affidavit requested post trial is reasonable inasmuch as plaintiff's demand for an affidavit far exceeded plaintiff's request at trial and the Order entered by this court without objection that Mr. Ray simply preserve the document. Plaintiff has taken a quantum leap in arguing that such refusal is evidence of perjury.

Third, the court finds that on the record now before it there is absolutely no basis for concluding that Mr. Ray perjured himself before the jury. It is clearly

plaintiff's burden, as the proponent of the Rule 59 motion, to show to this court that Mr. Ray's testimony was perjured and not Mr. Ray's burden to show his testimony was true. The court provided the parties with exactly what plaintiff requested at trial, preservation and access to the document, which the court felt was a fair requirement to impose on defendant. In demanding an affidavit in addition to the document which this court allowed, plaintiff has sought post-verdict discovery without first seeking leave of this court.

Fourth, while plaintiff has argued to the contrary, there is no evidence of record that plaintiff ever requested the permission slip before trial or made inquiry as to such fact during its deposition of either Mr. Ray or defendant's driver.

Fifth, plaintiff, having failed to make any inquiry before trial, examined defendant's driver on the subject of the permission slip at trial. Thus, any surprise plaintiff experienced in the answers given cannot be attributed to defendant, but was an error of counsel in pursuing a line of questioning it had not prepared for through discovery. Indeed, plaintiff made no request during the trial to take recess and conduct additional discovery.

The material evidence had absolutely nothing to do with whether plaintiff's driver was an agent of plaintiff or whether defendant's driver had permission to have a family member ride along. Indeed, evidence that plaintiff had falsely or mistakenly claimed its driver was not its agent and evidence that defendant's driver had falsely or mistakenly testified about permission to have a family member ride in the defendant's truck (had it been presented) would have had no bearing as it was

immaterial in this case. Despite plaintiff's falsity or mistake, if such existed, the jury found in its favor on its claim that defendant was negligent, and the undersigned can only conclude that had plaintiff been able to show that defendant gave false or mistaken testimony concerning the permission slip, the jury would have also found for defendant on its claim of contributory negligence. The relevant evidence came on issues of material fact, with the finding of negligence based on evidence that defendant failed to get up to speed before exiting the ramp, and the finding of contributory negligence based on <u>plaintiff's</u> own testimony through its driver that he had been instructed not to travel in anything but the right lane of travel, and that he failed to take an evasive maneuver into the left or passing lane .

The court will deny plaintiff's motion with prejudice.

## II.     Defendant's Motion for Sanctions (#93)

This court agrees in substance with defendant's argument that plaintiff's Motion for a New Trial is not only meritless, but that it has wasted judicial resources as well as the resources of defendant. As defendant argues, plaintiff's unsupported claims of misconduct and even perjury stand in stark contrast with the undisputed fact that plaintiff falsely or mistakenly claimed in a verified pleading that its driver was not its agent and that it was its co-driver that directly disobeyed a court order within minutes of its issuance when he discussed his testimony with another witness in front of a juror. As defendant has correctly pointed out in its brief, plaintiff has also misstated the applicable burdens of the parties on a Rule 59 motion as well as misstated the scope of pretrial discovery it conducted. The court is not, however,

inclined to jump to the conclusion that such errors were intentional. While these missteps in presenting the Rule 59 motion would be fine reasons for imposing Rule 11 sanctions, defendant's motion is fundamentally flawed in that there is no showing that defendant first complied with the "safe harbor" provisions of Rule 11. In relevant part, Rule 11 provides, as follows:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed.R.Civ.P. 11(c)(1)(A). In addition, the court can find no reason, of its own accord, to consider the sanctions provision found in Rule 11(c)(1)(B), which allows the court to impose sanctions on its own initiative.

Rule 11 "does not extend to factual errors, committed in good faith, so long as the pleading as a whole remains 'well grounded in fact.'" Forrest Creek Assocs. Ltd. v. McLean Savings & Loan Ass'n, 831 F.2d 1238, 1245 (4th Cir.1987). While plaintiff has asked to take a deposition in support of its motion for new trial, it would appear that the request has little basis in fact but is instead based on plaintiff's speculation. While the court will not of its own accord make a *sua sponte* Rule 11(c)(1)(B) finding, it does not do so out of lack of concern for this case, but in recognition that conducting further proceedings in this matter will unduly delay other cases. At this point, the undersigned is managing over 300 civil cases for three district court judges as well as consent cases such as this, with most of such

management including dispositive matters up to trial.  In addition, the undersigned is managing nearly 300 felony defendants.  While these are all tasks the undersigned relishes, the court's duty to give its attention to all these matters prevents it from chasing down all but the most egregious missteps of counsel.  The court assumes that all counsel as well as the parties they represent have equally pressing caseloads and business and could find better ways to occupy their time.  The court simply is amazed that this case has generated such vehement post trial proceedings, especially where it was so readily apparent that both plaintiff and defendant received a fair trial.

At the conclusion of the trial process, the court was convinced - - and <u>firmly</u> remains convinced - - that all parties received a fair trial.  The motions *in limine* and evidentiary rulings made at the commencement of trial were favorable to plaintiff, and the court even put an end to defendant's proper impeachment of plaintiff's pretrial averment that its driver was not its agent.  In sum, it would be fair to say that plaintiff received an *extremely* fair trial.  Indeed, the court presented issues to the jury and gave instructions which were not objected to by plaintiff.  In fact, the court even granted plaintiff precisely what it asked for in ordering defendant to preserve the permission slip for post trial inspection by plaintiff.

While this court is willing and ready to consider any motion of substance, it simply does not have the time or the inclination to consider motions that are patently unsupported by law or fact. Motion and briefs that mistake the law or the procedural facts are particularly unwelcome.  By prolonging matters through the filing of motions that contain attacks based on immaterial concerns, a disservice is done to the

other litigants in the 600 or so other cases that are in need of the court's attention. Had a request been made at trial to either depose Mr. Ray or require him to provide an affidavit concerning the document, the court would have given such motion due consideration. The court would have been compelled to ask, however, whether such an affidavit would have added any value to the document inasmuch as Mr. Ray had by that time already given sworn testimony as to the contemporaneous existence of such document at the relevant time. Put another way, Mr. Ray has already sworn that the document existed when he testified, and further affidavit or questioning to such effect would have been a useless act.

While plaintiff has clearly interposed a Rule 59 motion without the care one would hope would be given to an accusation of perjury, the court will deny the instant Motion for Sanctions inasmuch as it is not in technical compliance with Rule 11(c)(1)(A), and the court declines to take up sanctions under Rule 11(c)(1)(B) based on this record.

* * *

Finally, the court would offer that not every misstep of a party or an attorney should be considered to be evidence of ill intent. Generally, people tend to do the best job they can whether their job at the moment is that of witness, attorney, judge, or jury. In this case, the court is convinced that all parties as well as their counsel acted in good faith at every turn, even during this last and most exasperating turn. While hard to discern through the fog of the recent litigation and filings in this matter and the inevitable disappointment one side must face when the jury returns its verdict,

all involved in this case are people of good will.  The court recognized this inherent good will and has attempted to encourage amicable resolution.  Despite being earlier rebuffed, the court will again encourage the parties to sit down and resolve this case, inasmuch as it appears from the tenor of the most recent pleadings that these parties desire to be locked in  combat over what amounts to nothing more than a motor vehicle accident that involved only property damage.  See *Bleak House*, Dickens, C. (Bradbury & Evans 1853).

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for New Trial and for Leave to Conduct Deposition of Andy Ray (#91) and defendant's Motion for Sanctions (#93) are **DENIED WITH PREJUDICE.**

Signed: June 25, 2007

_____
Dennis L. Howell
United States Magistrate Judge