# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv074

| | |
|---|---|
| HOSPIRA, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | **ORDER** |
| v ) | |
| ) | |
| ALPHA AND OMEGA ) | |
| TRANSPORTATION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on a Motion for Fees and Costs (#82) incurred by the defendant, pursuant to a Motion to Compel (#24) filed by the defendant, pursuant to Rule 37(a) of the Fed.R.Civ.P. and response to that motion made by the plaintiff (#86).

**Background:**

This case arises out of a traffic accident that occurred on March 30, 2004, in Carroll County, VA (Compl., at ¶ 6). The plaintiff is a Delaware corporation which manufactures injectable pharmaceuticals. The plaintiff alleges in its complaint, which was filed on March 3, 2006, that it was attempting to transport a cargo of its goods along Hwy I-77 by use of a truck and trailer. The plaintiff further alleged that the plaintiff's truck and trailer was struck by a truck and trailer owned and negligently operated by the defendant causing a total loss of the plaintiff's cargo (Compl., at ¶¶ 8 & 9) and further causing property damage and loss. The defendant answered denying any act of negligence on its part and also contending that the plaintiff's truck and

trailer was being negligently operated by the plaintiff's agent and that the plaintiff's contributory negligence was a bar to the plaintiff's recovery. (answer, 4th & 5th defense)

The defendant, on October 17, 2006, filed a Motion to Compel (#24). In the Motion to Compel, the defendant alleged that it had served upon the plaintiff a deposition notice, pursuant to Fed.R.Civ.P. 30(b)(6) seeking discovery concerning the quantity of the goods damaged in the accident and the nature and extent of the loss allegedly suffered by the plaintiff. The defendant, in the motion, contended that the plaintiff declined to produce a representative to testify as to that subject area. The plaintiff's objections were that the "information sought was neither relevant nor reasonably calculated to lead to admissible evidence". Defendant's motion, p. 2. The defendant also filed a Motion for Partial Summary Judgment (#25) on October 23, 2006, contending that the defendant was entitled to summary judgment on the issue of damages due to the fact that the plaintiff had not identified a witness or presented sufficient documents to show the nature and extent of the plaintiff's damages. A hearing was held by the undersigned on December 20, 2006, and an Order (#41) was filed on January 5, 2007, in which the undersigned denied the Motion for Summary Judgment. The undersigned allowed the Motion to Compel filed by the defendant, but placed limitations on the amount and nature of discovery sought by the defendant. The court reserved ruling upon the imposition of costs and attorney fees until the conclusion of trial. A jury trial of the issues presented by the pleadings took place during the week of April 23, 2007. The jury returned a verdict (#80) on April 26, 2007, in favor of the defendant. The court entered judgment (#85) in favor of the defendant on May

4, 2007. The court directed the defendant to present affidavits concerning the imposition of costs and attorney fees in regard to the Motion to Compel. The plaintiff was provided with a period of time to answer and the plaintiff responded to the defendant's submissions on May 10, 2007. (#86) The defendant filed a reply to the plaintiff's arguments on May 14, 2007. (#90)

**Discussion**

**I. MOTION FOR FEES AND COSTS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(A)**

Where a motion to compel is granted, Rule 37(a)(4)(A) of the Fed.R.Civ.P. provides as follows:

> [T]he court <u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A)

Rule 37(a)(4)(C) is also applicable in this case and provides as follows:

> If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the matter among the parties and persons in a just manner.

Fed.R.Civ.P. 37(a)(4)(C)

In applying these rules, the court must apply Rule 37(a)(4)(A) and then look to Rule 37(a)(4)(C) and determine if expenses, if any are allowed, should be apportioned.

3

> Although Rule 37(a)(4)(C) does not contain the same inquiry regarding substantial justification and other circumstances as Rule 37(a)(4)(A), courts interpreting Rule 37(a)(4)(C) have applied the inquires of Rule 37(a)(4)(A). In Mitchell v. AMTRAK, 217 F.R.D. 53, 55 (D.D.C. 2003), the court noted that where a discovery motion is granted in part and denied in part, Rule 37(a)(4)(C) applies. The court went on to state that "The party compelled can, however, escape liability by establishing that its resistance to the discovery was substantially justified." *Id*. The court cited Rule 37(a)(4)(A). *Id*. A similar finding was made in Lohrenz v. Donnelly, 187 F.R.D. 1, 10 (D.D.C. 1999). After determining that Rule 37(a)(4)(C) applied, the court found that "As the court interprets the Rules, however, it may refuse to apportion these expenses if it makes a finding of substantial justification as to any party's position or if 'other circumstances make an award of expenses unjust.' "*Id*. (Quoting Fed.R.Civ.P. 37(a)(4)(A); (B)). The court in Coleman v. Dydula, 175 F.R.D. 177, 180 (W.D.N.Y. 1997) cited Rule 37(a)(4)(A) and noted Rule 37(a)(4)(C). It then stated that "Thus, unless some special circumstance exist, the losing party can avoid paying expenses only if his or her actions were substantially justified." *Id*. Other courts have also held the substantial justification and other circumstances inquiries of Rule 37(a)(4)(A) apply to Rule 37(a)(4)(C). See McCoo v. Denny's, Inc., 192 F.R.D. 675, 696 (D.Kan. 2000); Poole v. Textron, Inc., 192 F.R.D. 494, 498 (D.Md. 2000); Smith v. Conway Org., Inc., 154 F.R.D. 73, 78 (S.D.N.Y. 1994)

Cotter v. Prudential Financial, 2007 WL 38696 (N.D.WV. 2007)

In this case, the undersigned granted the defendant's Motion to Compel in part and denied the motion in part. (#41) The undersigned, thus, must first address the requirements of Rule 37(a)(4)(A) and also the considerations for apportionment as provided by Rule 37(a)(4)(C).

The undersigned finds that the Motion to Compel was filed by the defendant after making a good faith effort to obtain the discovery sought in this case without court order. The defendant has shown in its brief in support of the Motion to Compel that, pursuant to Rule 37(a)(4)(A) and Local Rule 7.1(A) that defendant's counsel met

with plaintiff's counsel in an effort to avoid filing the Motion to Compel, but was unsuccessful in obtaining the desired discovery. (Defendant's brief #24, p. 4) The defendant has produced copies of a transcript from a deposition and also an email in which defendant's counsel requested that plaintiff's counsel withdraw objections to discovery and to produce a witness to testify, pursuant to Rule 30(b)(6) and plaintiff's counsel declined to do so. (Brief in support of Motion to Compel, Ex. B & C)

The plaintiff's nondisclosure and objections to the defendant's request for discovery were not substantially justified.

> In Bryte v. American Household, Inc., 142 Fed. Appx. 699, 703 (4th Cir. 2005), the Fourth Circuit held that the definition of substantial justification enunciated by the Supreme Court in Pierce v. Underwood, 487 U.S. 552, 565 (1988), which was a Social Security case, also applies to the definition of substantial justification in Rule 37. Other circuits had previously held likewise. See Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 765 (6th Cir. 2005); Pan Am. Grain Mfg. Co., Inc. v. P.R. Ports Auth, 295 F.3d 108, 116 (1st Cir. 2002); Maddow v. Proctor & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997). The Pierce court found to be substantially justified means a party is "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The standard is "satisfied there is a 'genuine dispute'" *Id*.

Cotter v. Prudential Financial, 2007 WL 38696 (N.D.WV. 2007)

As set forth in the Order (#41, p. 2-10) of this court allowing the Motion to Compel, the plaintiff's objection to the production of a witness to testify at a Rule 30(b)(6) deposition concerning damages allegedly suffered by the plaintiff in the accident was without any legal justification. The defendant was seeking a Rule 30(b)(6) witness to testify and produce documents to identify and substantiate the damages suffered by the plaintiff. The plaintiff objected repeatedly to this request for discovery, usually with the same response: "Hospira objects to this topic because it

5

seeks discovery concerning information neither relevant nor reasonably calculated to lead to admissible evidence". Of particular example and of concern to the court was the following request of the defendant and the response of the plaintiff.

> The defendant requested that the plaintiff produce a representative to testify with regard to the following subject area:
>
> (27) The total amount of Plaintiff's claim and any documentation supporting such claim.
>
> The plaintiff objected to this request with the following objection:
>
> Hospira objects to this topic because it is vague and ambiguous and seeks testimony concerning documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and requires a review that would be unduly burdensome. Moreover, Hospira has not made a "claim" but has filed an action seeking damages." (order #41, p. 3)

No information or testimony could be more relevant or material to the issues in this case than a witness who could produce the documents concerning the damages suffered by the plaintiff and who could testify concerning the amount of damages suffered by the plaintiff. The evidence being sought by this discovery was exactly the same evidence that the plaintiff needed to produce at trial to prove its damages. The undersigned finds that there could not be a genuine dispute or substantial justification for the plaintiff's refusal to produce such a witness or the documents.

This court has considered whether the circumstances of this case make an award of expenses unjust. The court has considered the economic impact an award of expenses would have upon the parties. The court finds there does not appear to be any evidence of any factor that would make an award of expenses unjust. The plaintiff and the defendant are both companies involved in the transportation of goods and freight

with the use of trucks and trailers. The plaintiff is a multi-national company with fourteen manufacturing facilities world-wide, five distribution centers, plus warehouse facilities. (Plaintiff's Response to defendant's Motion to Compel Discovery, p. 3) The plaintiff has not directed the court to any circumstance or factor that would make the award of expenses unjust.

The court has considered whether to apportion expenses, pursuant to Rule 37(a)(4)(C). The request for discovery by the defendant requested the documents for sales for a period of two years before and after the accident for all goods produced and sold by the plaintiff world-wide. The court limited the documents to be produced to six months before and six months after the accident by way of a time limitation and further limited the documents to be produced to be either in the Chicago distribution center area or a sales region that would include the state of Virginia, that being the location of the accident. The undersigned limited the discovery in this fashion after plaintiff's counsel, during the hearing of the Motion to Compel, advised the court that the plaintiff was changing its position in regard to damages. Instead of seeking lost profits on thirty-one different product types that were allegedly destroyed in the accident, plaintiff's counsel advised that the plaintiff was now seeking lost profits as to eighteen product lines and manufacturing costs as to thirteen product lines. The plaintiff also assured the court that the goods being shipped were for sale in the United States and not world-wide. Additionally, plaintiff's counsel stated that the plaintiff would now produce a witness, that being Brian Russeau, a director for Global Planning of the plaintiff who could testify as to the damages suffered by the plaintiff. These

concessions of the plaintiff were made during the hearing of the Motion to Compel. The undersigned finds there was substantial justification for the position of the defendant and that the plaintiff did not have any reasonable justification for not responding to the discovery request and producing the witness, that being Mr. Russeau without the necessity of a court order. This court finds that no circumstances exist which make apportionment of expenses just. All reasonable expenses of the defendant should be paid by the plaintiff.

In fashioning an appropriate award under Rule 37, the Court of Appeals for the Fourth Circuit has consistently held that a court should award "only those fees and expenses flowing from the abuse of the discovery process........" Smith v. US Sprint, 1991 WL 62338, *5 (4th Cir. 1994)[1] (*citing* Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir. 1975)).

> When awarding attorney's fees, a court must always assess whether the amount requested by the moving party is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 436-37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The product of these variables is the lodestar figure. See Craig v. Department of Health & Human Services, 864 F.2d 324, 327 (4th Cir. 1989).
>
> [7] In assessing the reasonableness of attorneys' fees, the Court of Appeals for the Fourth Circuit has decreed that a district court's analysis must strictly follow the factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as modified by Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)
>
> The Johnson factors are: (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the

---

[1] Due to the limits of electronic case filing, a copy of such unpublished decision is placed in the electronic record through reference to the Westlaw citation.

lawsuit; (3) the skill required properly to perform the legal services; (4) the attorney's opportunity costs in pursuing the litigation; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. See Daly v. Hill, 790 F.2d 1071, 1075 n. 2 (4th Cir. 1986).

Coppedge v. Franklin County Board of Education, 345 F.Supp.2d 567 (E.D.N.C. 2004).

The court has considered the affidavits submitted by defendant's counsel with the briefs in support. The court has first considered the hourly rate of the various attorneys who have provided work upon this case on behalf of the defendant. Those rates are as follows:

| Attorney | Rate |
|---|---|
| Scott W. McMickle | $ 185.00 |
| Kevin P. Branch | $ 165.00 |
| Zack Shewmaker | $ 150.00 |
| Shawn N. Kalfus | $ 150.00 |
| Lisa M. Peverill | $ 115.00 |

Based upon the undersigned's twenty-eight years of experience as a trial attorney in the Western District of North Carolina in both state and federal court, the undersigned is of the opinion that the hourly rate for the various attorneys of the defendant is fair and reasonable in amount. This court has recently approved a rate of $225.00 per hour for lead counsel and $180.00 per hour for work of associate counsel. Jeter v. Asheville Maintenance & Construction, 1:05 cv 309. The District Court has recently found that an hourly rate of $225.00 per hour for a partner and $180.00 per

hour for an associate is fair and reasonable. Waller v. Countrywide Home Loan, Inc., 1:05 cv 349 (W.D.N.C. June 14, 2006). Chao v. Rivendell Woods, Inc., 2006 WL 3065572 (W.D.N.C. 2006) A comparison of the hourly rates of defendant's counsel to the hourly rates approved in this court in other matters shows that the defendant's attorneys hourly rates are fair and reasonable.

The time spent upon the case by the defendant's counsel and the costs incurred, the undersigned finds from the affidavit are as follows:

| Attorney | Date | Work Performed | Hours | Charge |
|---|---|---|---|---|
| SWM | 10/16/2006 | Motion to Compel | 1.5 | 277.50 |
| SWM | 10/16/2006 | Initial draft of Motion to Compel | 2.5 | 462.50 |
| SWM | 10/17/2006 | Finalizing Motion to Compel review of Local Rules | 1.1 | 203.50 |
| ZSS | 10/17/2006 | Research concerning Motion to Compel | .4 | 60.00 |
| ZSS | 10/17/2006 | Review and finalize Motion to Compel | .2 | 30.00 |
| LMP | 10/17/2006 | Review Motion to Compel | .3 | 34.50 |
| LMP | 10/17/2006 | Preparing exhibits | .3 | 34.50 |
| LMP | 11/03/2006 | Review Local Rules/Reply Brief | .1 | 11.50 |
| SWM | 11/05/2006 | Draft reply to Motion to Compel | 1.0 | 185.00 |
| LMP | 11/08/2006 | Draft reply to Hospira's Response | .4 | 46.00 |
| LMP | 11/08/2006 | Review of transcripts of 30(b)(6) depositions | .3 | 34.50 |
| SNK | 12/12/2006 | Review of order by Judge concerning Motion to Compel and summary judgment | .1 | 15.00 |
| SWM | 12/19/2006 | Analyze handling of issues at hearing | 2.5 | 462.50 |
| LMP | 12/19/2006 | Preparation of documents for hearing | .6 | 69.00 |
| SWM | 12/20/2006 | Preparation for 2 hearings | 3.0 | 555.00 |
| SWM | 12/20/2006 | Attend hearings | 2.2 | 407.00 |
| LMP | 01/09/2007 | Analysis of order allowing Motion to Compel | .8 | 92.00 |
| SWM | 01/18/2007 | Call about witnesses | .1 | 11.50 |

At the hearing that took place on December 20, 2006, the defendant's counsel was arguing two motions, one being the Motion to Compel and the other being a Motion for Partial Summary Judgment. The undersigned has examined closely the hourly rates and has divided the fees and expenses of defendant's counsel in half where they reflect work or time spent on the Motion to Compel and the Motion for Partial Summary Judgment. Those reductions are as follows:

| Attorney | Date | Work Performed | Hours | Charge |
|---|---|---|---|---|
| SNK | 12/12/2006 | Review of order by Judge concerning Motion to Compel and summary judgment | .1 | 7.50 |
| SWM | 12/19/2006 | Analyze handling of issues at hearing | 2.5 | 231.25 |
| LMP | 12/19/2006 | Preparation of documents for hearing | .6 | 34.50 |
| SWM | 12/20/2006 | Preparation for 2 hearings | 3.0 | 277.50 |
| SWM | 12/20/2006 | Attend hearings | 2.2 | 203.50 |

Thus, the total charges for attorney fees are $2,237.25.

In regard to expenses, the court will allow the mileage of defendant's counsel to Asheville on December 20, 2006, in the amount of one-half of $190.22 due to the fact that defendant's counsel traveled to argue two motions.

The court has determined to deny the payment of any expenses of plaintiff's counsel for taking the deposition of the Rule 30(b)(6) witness, that being Mr. Russeau. If Mr. Russeau had been disclosed to the defendant, his deposition would, in all likelihood, have been taken. The court must award only those fees and expenses flowing from the abuse of the discovery process.

The undersigned now considers, in regard to the fee, the following factors: (1) the time and labor required to litigate the suit: the time and labor required to present

the motion was reasonable and was a fair amount of time to have spent upon the motion; (2) the novelty and difficulty of the questions raised: there was some novelty in that the plaintiff was seeking lost profits for the damage allegedly inflicted upon personal property; (3) the skill required to perform the legal services: any competent litigator familiar with federal court practice could have handled this motion; (4) the attorney's opportunity costs: the court has been made aware of no opportunities that the defendant's attorneys declined because of this case; (5) the customary fee for such services: customary fees awarded in other matters in this court have been referenced above and the fees of defendant's counsel are less than the fees that have been allowed in other cases; (6) whether the fee is fixed or contingent: this factor does not apply in this case; (7) time limitations imposed by the client or the circumstances: the court has not been aware of any unusual time limitations in this case; (8) the amount in controversy and the results obtained by way of the motion: the defendant was successful in obtaining an order compelling the production of the witness and the documents; (9) the experience, reputation, and ability of the attorney: the defendant's counsel who appeared before the court, that being Mr. McMickle, was prepared and was ready to argue his motion and he appeared to be well qualified and trained in his arguments; (10) the undesirability of the case: employment in this case by the defendant was not undesirable; (11) the nature and length of the attorney's professional relationship with the client: the court does not know any information in this regard; and (12) awards in similar cases: this factor has already been reviewed by the court and is incorporated herein by reference.

Considering all of the above referenced factors, the court finds that an order requiring the plaintiff to pay to defendant's counsel for attorney fees and expenses in the total amount of $ 2,332.36 would be fair and reasonable.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** for the reasons set forth above, the defendant's motion (#82) for the award of attorney fees and costs is **GRANTED** and that the plaintiff is hereby ordered to pay to the defendant, attorney fees in the amount of $ 2,237.25 and expenses in the amount of $ 95.11 for a total payment of $2,332.36. The above referenced payment is to be made within twenty (20) days of the filing of this order.

Signed: June 27, 2007

Dennis L. Howell
United States Magistrate Judge